*DISMUKES & AL. vs. MUSGROVE.*

APPEAL from the court of the eighth district, the judge of the third presiding.

PORTER, J. delivered the opinion of the court. This case has been already before the court: a full statement of the pleadings and matters at issue are contained in the opinion given, on remanding the cause, and it is unnecessary to repeat them here. *Vol.* 7, 58.

A verdict has been again found for the defendant, and the plaintiffs have appealed. They rely, for a reversal of the judgment below, on alleged errors of the judge who tried the cause, in rejecting and admitting evidence.

Before examining the several bills of exception, by which the opinions of the judge *a quo* are brought before us, it is necessary to dispose of the plea of *res judicata,* which the defendant offered in defence of the present action.

The suit is brought for certain slaves, which the plaintiffs claim, in virtue of a deed of trust, as they style it, executed by their

The revocation of deed to A, for the benefit of B, by a suit in court, cannot be pleaded as *res judicata* against a claim of B.

The declarations of the party who makes a *stipulation pour autrui,* cannot be given in evidence.

Other evidence than the return of the sheriff, that a witness cannot be found, will authorise proof of his hand writing.

An appraisement of a succession, in the state of Mississippi, though executed under private signature, may be given in evidence in this, where they made a part of the proceedings of the orphan court of that state.

When the party offering a record in evidence, alleges it to be incomplete, and offers a transcript of the part omit-

Eastern District. *December*, 1829.

DISMUKES & AL.
*vs.*
MUSGROVE.

ted, the court may receive both as proof of the whole record.

The record of a suit, brought by the party who has made a conveyance for the benefit of another, may be given in evidence, to show an intention to revoke the gift.

father, in the year 1811; by which one Terry was created trustee, on condition of delivering the slaves and their increase to the petitioners, when they came of age and married.

The judgment relied on, as barring the claim of the petitioners, was rendered in the court of chancery of the state of Mississippi. The parties to it, were the father of the plaintiffs, complainant, and the trustee, Torry, respondent. The decree of the court annulled the deed, as having been made without consideration.

It is obvious, that a decision in this suit, between these parties, cannot have the authority of the thing judged against the plaintiffs, if any right to the property vested in them by the deed notwithstanding a subsequent change of intention on the part of the father. If, on the contrary, the father had a right to revoke the advantages, conferred on his children, and his suit in Mississippi, to annul the deed, had that effect; then its influence, on the rights of the plaintiffs, must arise from that change of will, which, whether expressed through the medium of a petition, in a suit, where the children were not parties, or evidenced by a deed of revocation,

must have its effect as such, and is a defence on the merits—not one which can take the shape of an exception.

The first bill of exceptions, taken by the plaintiffs, was, to the testimony of a witness, called by the defendants to prove certain declarations of the father of the plaintiffs, in relation to the document, on which the action was instituted. The witness swore, that he had heard him say, he never knew any thing of the counter letter or obligation of Terry, until a few months before the institution of the present suit.

The plaintiffs' objection to this testimony, was on three grounds:

1st. Such testimony could not be received, under the general issue, which was waived by inconsistent pleas.

2d. The father was not a party to the present suit.

3d. The instrument declared on, contained a *stipulation pour autrui*, and could not be affected by the declaration of the maker.

The last objection may be dismissed with the observation, that it went to the effect of the proof when received, not to the legality of its introduction. And the first may be

Eastern District.
December, 1829.

DISMUKES&AL.
vs.
MUSGROVE.

disposed of by stating, that if the declarations of the father could be received in evidence at all, there was nothing in the pleadings which prevented them from being offered. The answer denies all and singular the facts in the petition, consequently it denies the existence of the instrument, on which suit was brought. The other pleas, which accompany this denial, are not, in our judgment, in any way inconsistent with it.

The second objection, we think well taken. The father, who made the declaration, had assigned all his right in the property to Andrew Dismukes, under whom the defendant claimed. His declarations, therefore, could not affect the right which his children might have under an instrument previously made, to which he was a party. And the objection to his testimony, is of equal force, when his declarations are introduced to prove the non-existence of any such writing. Independent of this objection, the proof amounted to nothing more than hearsay. And though it is true, that the father could not be called as a witness, this disqualification did not authorize the proof of his declations, for that would be to receive evidence

indirectly from an incompetent witness, what could not be admitted from one that was competent.

The next exception was taken to the introduction of certain notes, which had been executed by the defendant. The plaintiffs objected: *first,* because the absence of the subscribing witness had not been proved by the return of the sheriff; and *second*, because the instruments offered, were executed by the party presenting them, and no one could make proof for themselves.

The return of the sheriff, that a witness cannot be found, is not the only evidence which may be given, to authorize the introduction of other proof; showing that he resides in a foreign country, or that diligent search has been made for him within the jurisdiction of the court, by witnesses who depose to these facts, will authorize evidence of his hand writing. The notes of the defendant were good evidence, if they made a part of the *res gesta.* And if they did not, it was the duty of the party excepting, to place on the record all facts necessary to show the incorrectness of the opinion of the judge *a quo. Starkie, part* 2. 342¾

DISMUKES&AL.
*vs.*
MUSGROVE.

The plaintiffs next excepted to the intro-duction of the appraisement and sale of the estate of Terry, on the grounds, first, that the acts were under private signature and not proved, and the sale and inventory were not made conformably to the laws of Louisiana.

The appraisement and sale formed part of the proceedings in the orphan court of the state of Mississippi. They were presented, under an authentication, duly made, as being a true transcript of those proceedings. There is, of course, no ground for the first objec-tion, and as to their not being conformable to the laws of Louisiana, that might be a question, as to the effect they should have, but certainly could not prevent their intro-duction in proof, forming, as they did, part of a record from a sister state.

The defendant offered, in evidence, a pa-per, purporting to be letters of administra-tion, granted to one David Terry, in the state of Mississippi. The plaintiffs object-ed to its introduction, and the defendant ac-quiescing in the objection, declined reading it. Upon this, the plaintiffs moved the court to withdraw from the jury, a record, which had been already given in evidence, of the

proceedings in relation to the succession, in which these letters had been taken out. The grounds for this motion, are alleged to be, that the defendant had shown the record not to be a complete one, and that the clerk had not certified the record to be a full, true and complete transcript. The court refused to withdraw the record, and the plaintiffs excepted.

It is not seen by us, how the court could say the record was not a complete one, by wanting a paper which was not permitted to be read in evidence. If it was on the allegation of the party offering the paper such a decision was to be made, his willingness to produce the only document necessary to make the record complete, ought to have prevented him from suffering by the omission of its not being inserted in the transcript. And the court acted correctly, in not permitting the plaintiffs, after having shut out the document necessary to the completion of the record, to take advantage of its not being complete. The necessity of producing the whole of a record is founded on the idea, that the part omitted contains something unfavorable to the party offering it, and that the construc-

Eastern District.
*December*, 1829.

DISMUKES&AL.
*vs.*
MUSGROVE.

tion must be gathered from the whole taken together. This rule is subject to exceptions, and none can be more proper, than that of a party, who had already given the transcript in evidence, coming forward with a document, necessary to complete that which he had already presented. *Starkie on Ev.* 152. 245. 246. As he apprised the opposite party of the defect, it was proper to give him the means of curing it.

The objection to the clerk's certificate is not supported: in fact, he certifies the record to be a true copy of *all* the proceedings in the estate of Terry.

There are many other bills of exceptions, which it is unnecessary to examine, as the judge appears to us to have decided correctly, and no principle of law would be settled by their examination, which is not of familiar knowledge and daily application.

Among them, there are, however, two, which it may be well to notice. A question is raised by them, whether the proceedings by the father, in the state of Mississippi, to annul the conveyance to Terry, could be given in evidence in this suit. It is contended, they were *res inter alias acta*, and cannot affect the children.

By the provisions of the Civil Code, in force at the time the conveyance was made to Terry, and that he gave his obligation, acknowledging to hold the property, until the plaintiffs came of age and were married, a stipulation in favour of another might be revoked at any time before acceptance. For the purpose of showing this revocation, the record of a suit, brought by the father, to annul the conveyance, which was the foundation of the promise in favour of his children, was good evidence. What the effect of the evidence would be, is another question.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that this cause be remanded to the district court, with direction to the judge, not to admit the declarations of the father of the plaintiffs, that he did not know of the existence of the obligation on which suit is brought; and it is further ordered, that the appellee pay the costs of this appeal.

*Hennen* for the plaintiffs, *Ripley* for the defendant.